# DISCIPLINARY DOCKET

**99–1866. Disciplinary Counsel v. Wallace.**

On May 31, 2000, this court suspended respondent, Paul Wallace, from the practice of law for a period of six months pursuant to Gov.Bar R. V(6)(B)(3). On December 1, 2000, respondent filed an application for reinstatement.

It appearing to the court that disciplinary proceedings are currently pending against respondent before the Board of Commissioners on Grievances and Discipline in Board Case No. 00–96, and it further appearing that respondent has not complied with Gov.Bar R. X(3)(G),

IT IS HEREBY ordered by the court that respondent's application for reinstatement be, and hereby is, denied.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

For earlier case, see *Disciplinary Counsel v. Wallace* (2000), 89 Ohio St.3d 113, 729 N.E.2d 343.

# MISCELLANEOUS DISMISSALS

**01–258. In re Reese.**

Franklin App. Nos. 00AP–470 and 00AP–471. This cause is pending before the court as a discretionary appeal and claimed appeal as of right. It appears from the court of appeals' opinion that the appeal involves termination of parental rights. The appellant failed to state in the notice of appeal that the appeal involved termination of parental rights as required by S.Ct.Prac.R. II(2)(B)(1). Furthermore, appellant failed to timely file this appeal within twenty days from the entry of judgment as required by S.Ct.Prac.R. II(2)(A)(1)(a). Accordingly,

IT IS ORDERED by the court, *sua sponte*, that this case be, and hereby is, dismissed.